IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:17-CR-30001-NJR-1 |
| JASON LAUT, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Jason Laut pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docs. 109, 111). Laut asks the Court to grant his request for compassionate release and enter an order reducing his sentence to time-served due to his medical conditions and the COVID-19 pandemic (*Id.*).

## BACKGROUND

As discussed by the Government in its response and in Laut's Presentence Investigation Report, Laut's conviction arose from his actions while working as a paramedic supervisor with MedStar Ambulance (Doc. 68). Between January 2013 and May 2015, Laut stole controlled substances, including Fentanyl and Morphine, from MedStar ambulances. Once his efforts to cover the theft of the narcotic vials became more difficult, Laut began tampering with sealed Fentanyl vials by placing a needle into the vial and removing the Fentanyl. He would then replace the Fentanyl with another substance, likely saline. He left these tampered vials on ambulances for unsuspecting paramedics to give to the victims of serious injury (*Id.* at ¶¶ 9-18).

On October 3, 2017, a grand jury indicted Laut with 38 counts related to wire fraud, false statements, aggravated identity theft, and tampering with a consumer product with reckless disregard that another person would be placed in danger of death or bodily injury, and under circumstances manifesting extreme indifference to such risk (Doc. 27). On November 21, 2017, after a 3-week jury trial, Laut was convicted on all 38 counts (Doc. 53). Laut was sentenced by now-retired District Judge David R. Herndon to 111 months in prison (Doc. 81). According to the Bureau of Prisons' website, Laut is scheduled to be released on October 8, 2025.[1]

Laut, who is 42 years old, argues that his medical conditions constitute extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Namely, Laut states that he has a history of serious heart conditions and heart disease, and he was a former smoker for 20 years (Doc. 63). He also asserts that 24 inmates at USP Marion's Prison Camp have tested positive for COVID-19, and that this number likely underrepresents the true number of infections in the prison (*Id.*).

The Government opposes the motion, noting that Laut tested positive for COVID-19, was asymptomatic, and has fully recovered (Doc. 113). Furthermore, even if he were to contract COVID-19 a second time, he has no known health risks that place him at an increased risk of severe illness. While Laut has had a heart catheterization for a small blockage, there was no heart damage. The only EKG he has had while in prison was normal and showed no indication of any heart disease (*Id.*). Furthermore, even if Laut

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 28, 2020).

had any compelling medical reason for release, the Government argues that he remains a danger to the community.

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth

---

[2] The Government does not contend that Laut failed to exhaust his administrative remedies.

category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

The Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the Bureau of Prisons. Nevertheless, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, No. 09-30001, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020).

Laut has not demonstrated that he suffers from any medical conditions that would make him more likely to suffer severe complications from COVID-19. Indeed, he has already contracted the coronavirus, was asymptomatic, and has recovered. And his self-reported heart conditions are not verified by his medical records (Doc. 113-2). Accordingly, there is nothing to indicate that Laut has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. §1B1.13, Note 1(A)(ii).

Furthermore, the Court cannot assure that Laut would not be "a danger to the safety of any other person or to the community" if he were released. While his criminal history is fairly insignificant, the fact that he abused his position as a first responder and

supervisor—including putting other people's lives at risk by tampering with and replacing Fentanyl with saline—indicates the lengths he would go to obtain drugs if he were to relapse.

For these reasons, the Court finds that Laut has not established any extraordinary and compelling reasons warranting a reduction in his term of imprisonment. His Motion for Compassionate Release (Doc. 111) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 29, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**